UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
NOV 19 2010
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| MARCIA BENNETT | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:10-cv-1492 JMS-TAB |
| v. | ) Civil Action No. _____ |
| | ) |
| INDIANA BLACK EXPO, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT FOR DAMAGES – WITH JURY DEMAND

Plaintiff Marcia Bennett, by counsel, for her Complaint against Defendant Indiana Black Expo, Inc., states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et. seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12113, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, § 2(b)(1). This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 29 U.S.C. § 626, and 42 U.S.C. §12117(a).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Marcia Bennett ("Bennett") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Marion County, Indiana.

4. Defendant Indiana Black Expo, Inc. ("IBE") is an Indiana non-profit corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 3145 N. Meridian Street, Indianapolis, Indiana, 46208.

## BENNETT'S EMPLOYMENT AT INDIANA BLACK EXPO, INC.

5. In November 1983, Bennett began working at IBE as the Office Manager.

6. In 1987, after serving as the Office Manager for over three years, Bennett was promoted to the position of Vice President of Corporate Affairs.

7. In 2001, after serving as the Vice President of Corporate Affairs for nineteen years, Bennett became the General Manager of Special Events.

8. Throughout Bennett's employment with IBE, her responsibilities included organizing the IBE Summer Celebration, which is the largest African-American event in the nation and draws over 300,000 attendees.

9. Bennett dedicated over twenty-six years of her life to serving, improving, and supporting IBE.

10. Bennett met or exceeded IBE's expectations throughout her employment at IBE.

## BENNETT'S TERMINATION

11. On July 31, 2009, IBE President Tanya Bell, age 34, told Bennett that her employment was terminated because her position was being eliminated as part of a corporate restructure.

12. Bell told Bennett that her termination was not based on any performance problems.

13. On July 31, 2009, after twenty-six years of service to IBE, Bennett was given only a few minutes to vacate the IBE premises.

## "RESTRUCTURING" AS A PRETEXT FOR DISCRIMINATION

14. IBE did not eliminate Bennett's function and responsibilities.

15. Rather, IBE reassigned Bennett's functions and responsibilities to her assistant who is sixteen (16) years younger than Bennett and who does not have a disability.

16. Bennett's former assistant now works out of Bennett's former office, works from Bennett's former files, and attempts to perform Bennett's former responsibilities with little relevant knowledge, relationships, or experience.

17. IBE's replacement of Bennett, a high performing employee, with her substantially younger assistant is not a restructure, but rather the replacement of an older worker with health issues with a younger and healthier employee.

18. IBE's economic savings from terminating Bennett, an older employee with health issues, is not a legitimate business justification.

## ADMINISTRATIVE PROCEDURES

19. On August 17, 2009, Bennett filed a timely charge of age and disability discrimination against IBE with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2009-03583. A true and accurate copy of the charge is attached hereto as Exhibit A.

20. The EEOC had jurisdiction over that charge for more than 180 days, and on August 31, 2010, it issued Bennett a Notice of Right to Sue which was received on September 1, 2010. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit B.

21. Bennett has ninety (90) days from the receipt of the Notice of Right to Sue, up to and including, November 30, 2010, to file her Complaint, which time has not passed.

## COUNT I – WILLFUL AGE DISCRIMINATION

22. All preceding paragraphs are incorporated herein by reference.

23. Over the course of her employment at IBE, Bennett received excellent performance reviews as evidenced by her promotions and performance appraisals.

24. Nevertheless, on or about July 31, 2009, IBE terminated Bennett.

25. Bennett, who was born in 1949, was 59 years old at the time of her termination from IBE.

26. During the course of her employment at IBE, Bennett was an "employee" of IBE within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 630(f).

27. IBE employs more than twenty (20) employees and is an "employer" within the meaning of the Age Discrimination Act (ADEA), 29 U.S.C. § 630(b).

28. IBE engaged in unlawful discrimination in violation of the Age Discrimination in Employment Act (ADEA) when it replaced Bennett with her administrative assistant who is sixteen (16) years younger.

29. IBE has willfully and intentionally engaged in discriminatory treatment of Bennett on the basis of age and has acted with malice or reckless disregard of Bennett's rights as an older employee.

## COUNT II - DISABILITY DISCRIMINATION

30. All preceding paragraphs are incorporated herein by reference.

31. Bennett has Multiple Sclerosis (MS) and is an individual with a disability under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(1).

32. Bennett has a record of disability and was regarded as having a disability by IBE within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(3).

33. During the course of her employment at IBE, Bennett was an "employee" of IBE within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111(4).

34. IBE employs more than fifteen (15) employees and is an "employer" within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111(5).

35. IBE engaged in unlawful discrimination in violation of the Americans with Disabilities Act (ADA) when it reassigned Bennett's responsibilities to her former administrative assistant who does not have a disability.

36. IBE has engaged in discriminatory treatment of Bennett on the basis of disability and has acted with malice or reckless disregard of Bennett's rights as an disabled employee in

violation of the Americans with Disabilities Act (ADA) as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, § 2(b)(1).

**WHEREFORE**, Plaintiff Marcia Bennett prays for the judgment of this Court against Defendant Indiana Black Expo, Inc. as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendant's age and disability discrimination and eventual termination from employment with the Defendant.

B. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the ADEA was willful.

C. An order directing the Defendant to reinstate the Plaintiff.

D. In the event the Court determines that it would be inappropriate to direct the employment of the Plaintiff as an employee of the Defendant, an award of damages to compensate the Plaintiff for the losses that she reasonably will sustain as the result of being denied continued employment with the Defendant.

E. An award of compensatory damages in an amount to be determined by a jury to make Plaintiff whole for the mental anguish, emotional distress, exacerbation of her illness, and other non-pecuniary damages that Plaintiff has suffered because of Defendant's unlawful conduct.

F. An award of punitive damages in an amount to be determined by a jury to punish Defendant for its unlawful conduct which was malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduction.

G.  An award of attorneys fees and costs.

H.  Such other relief as may be just and proper.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

Barry A. Macey, Atty No. 8964-49
Quincy E. Sauer, Atty No. 27320-49
Attorneys for Plaintiff Marcia Bennett

MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: bmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

*[signature]*

Barry A. Macey, Atty No. 8964-49
Quincy E. Sauer, Atty No. 27320-49
Attorneys for Plaintiff Marcia Bennett

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: bmacey@maceylaw.com